IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DOUGLAS MARSHALL,**

    **Plaintiff,**

vs.                                    **Case No. 4:08cv417-MP/WCS**

**FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,**

    **Defendants.**

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, was granted *in forma pauperis* status, doc. 4, for purposes of bringing a civil rights complaint under 42 U.S.C. § 1983 alleging "emergency imminent danger." After granting Plaintiff *in forma pauperis* status, he was directed to file an amended complaint. Doc. 5. Plaintiff complied, doc. 9, and on December 17, 2008, an order was entered directing service of this action. Doc. 10.

Plaintiff has now filed an emergency motion seeking protective from imminent danger. Doc. 12. Plaintiff contends that beginning on or about December 16, 2008, he has been harassed and threatened by several officers at Santa Rosa Correctional Institution where he was transferred after initiating this case. Doc. 12.

The amended complaint in this action is against Defendant C. Greene, the grievance administrator at the Department's Central Office in Tallahassee, Florida, and Classification Officer Steve Parker, who is employed at Martin Correctional Institution, see doc. 9, p. 2. Plaintiff seeks protection from officers at Santa Rosa Correctional Institution. Doc. 12. Those persons are not Defendants in this action and the Court has not acquired jurisdiction over those persons. Moreover, the events which form the basis of this case are unrelated to the separate events about which Plaintiff complains in this motion.

Rule 65(d), which governs motions for a temporary restraining order and for a preliminary injunction, provides *inter alia*: "Every order granting an injunction and every restraining order . . . is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." FED. R. CIV. P. 65(d). "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S. Ct. 1562, 1569, 23 L. Ed. 2d 129 (1969) (citation omitted). This court must have jurisdiction over a party to adjudicate a claim, and it does not have in personam jurisdiction over the officials named in the emergency motion, doc. 12.

Should Plaintiff desire to litigate his claims against the Santa Rosa officials, or seek additional judicial assistance, Plaintiff must initiate a new lawsuit.  Plaintiff is aware of the need to exhaust administrative remedies prior to doing so under the PLRA.

Accordingly, it is **RECOMMENDED** that Plaintiff's emergency motion for a preliminary injunction, doc. 12, be **DENIED**, and this case be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 6, 2009.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**