IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**DOUGLAS MARSHALL,**
**a.k.a. DOUGLAS M. JACKSON,**

      **Plaintiff,**

vs.                                                          Case No. 4:08cv417-MP/WCS

**FLORIDA DEPARTMENT OF**
**CORRECTIONS, et al.,**

      **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, was granted *in forma pauperis* status for the purpose of bringing a civil rights complaint under 42 U.S.C. § 1983 alleging "emergency imminent danger."  Doc. 4.  Plaintiff was incarcerated at Martin Correctional Institution in Indiantown, Florida at the time of case initiation (September 17, 2008), but was transferred to Santa Rosa Correctional Institution shortly thereafter.  Doc. 6.

After granting Plaintiff *in forma pauperis* status, Plaintiff was directed to file an amended complaint, doc. 5, which he did on December 4, 2008.  Doc. 9.  Service was directed, doc. 10, and a notice of appearance was filed on February 10, 2009.  Doc. 34.

On March 20, 2009, I entered a case management and scheduling order. Doc. 36. On March 30th, Plaintiff's copy of that order was returned to the Court as "undeliverable." That mail return prompted a review of this case and then issuance of an order to show cause. Doc. 38. Plaintiff's copy of that order has now been returned to the Court as "undeliverable" and marked, "no such person [in] our system." Doc. 39.

One deficiency here is that Plaintiff has failed to keep the Court advised of his current address. At the time of the earlier mail return, Plaintiff was no longer at Santa Rosa Correctional Institution, but had been transferred to the Annex at Hamilton Correctional Institution. All court orders issued to Plaintiff direct him to keep the Court advised of his current whereabouts. He has failed to do so. However, that deficiency is small compared to the intentional acts now discovered by Plaintiff.

Plaintiff has been litigating this case using the name Douglas Marshall. Plaintiff's inmate number within the Florida Department of Corrections is 823916. While confirming Plaintiff's whereabouts on the Department of Corrections' website, it has been discovered that Plaintiff is using an alias name in this case. Plaintiff's legal name is Douglas M. Jackson; thus, it is clear why the last document was returned to the Court indicating "no such person" in the Department's system because that is not Plaintiff's correct legal name.[1]

Further review indicates Plaintiff listed his name on page two of the initial complaint as "Douglas - Marshall of the Jackson family." Doc. 1, p. 2. Plaintiff used the same phrase at the top of his *in forma pauperis* motion. Doc. 2, p. 1. As Plaintiff signs

---

[1] Furthermore, the Department's website shows Plaintiff has been transferred again. This order and report and recommendation will be provided to Plaintiff at Everglades Correctional Institution.

Case No. 4:08cv417-MP/WCS

all documents Douglas Marshall, that discrepancy was not noted previously, nor was it noticed that the inmate bank account statement showed the name: "Jackson, Douglas M."  Doc. 2, p. 3.

Judicial notice is taken that Plaintiff Douglas M. Jackson has more than three strikes under § 1915(g).  It would appear he is on his way to accumulating three strikes under the alias name of "Douglas Marshall" as well.

When this case was initiated, I entered an order noting Plaintiff could bring this case only if he were under imminent danger of serious physical injury.  Doc. 5.  That order noted that recently in the Southern District of Florida, Plaintiff was denied *in forma pauperis* status and the case dismissed under 28 U.S.C. § 1915(g).  Doc. 5, pp. 2-3.  While noting the conclusion of that order, the full text of the order from the Southern District had not been fully reviewed.  Now, however, it has been reviewed and it clear that Plaintiff was caught there attempting to proceed as he has in this Court with the alias name "Douglas Marshall."  The report by United States Magistrate Judge P.A. White detailed that Plaintiff, who listed his name as "Douglas Marshall of the Jackson family" was a multiple filer, more properly identified as Douglas Marshall Jackson.  Doc. 5, of case 2:08cv14211.  Magistrate White listed 28 cases filed by Plaintiff, noting that Plaintiff had more than three strikes under 28 U.S.C. § 1915(g).

Plaintiff may not pursue justice in this Court while committing fraud.  Having discovered the intentional deceptive practices used by Plaintiff, it is recommended that this action be dismissed as malicious.  It is further recommended that as a sanction for Plaintiff's false and misleading pleadings, that he be required to repay the $350.00 filing fee before proceeding with any further litigation, regardless of whether Plaintiff is under

imminent danger of serious physical injury.  Plaintiff's abuse of the judicial system cannot continue, and the sanction is warranted under the circumstances.

Accordingly, it is

**ORDERED:**

1.  The Clerk of Court shall provide this Order and Report and Recommendation to Plaintiff, listing his name as Douglas M. Jackson, inmate number 823916, at Everglades Correctional Institution, 1601 S.W. 187th Avenue, Miami, Florida 33185.

2.  The Clerk of Court shall also provide Plaintiff with a copy of the order to show cause, doc. 38, which he did not receive.  *See* doc. 39.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED as malicious** for intentionally using a false name to bring this litigation and for abuse of the judicial process, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is further **RECOMMENDED** that Plaintiff be sanctioned under Rule 11 for his intentional acts of deception as outlined above and that Plaintiff be required to submit the $350.00 filing fee for this case prior to being allowed to initiate any other civil action in this Court.

**IN CHAMBERS** at Tallahassee, Florida, on May 4, 2009.

       s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**