IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DOUGLAS MARSHALL,
a.k.a. DOUGLAS M. JACKSON,

    Plaintiff,

v.                                    CASE NO. 4:08-cv-00417-MP-WCS

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 40, Report and Recommendation of the Magistrate Judge, which recommends that Plaintiff's complaint be dismissed as malicious and that the Court sanction Plaintiff for bringing his claim under a false name in an effort to abuse the judicial process. The Magistrate entered the Report on May 4, 2009. On May 22, 2009, the Court entered an order (Doc. 45) granting Plaintiff's motion for an extension of time to file an objection to the Report. The Court also ordered Plaintiff to respond to the Magistrate's Order to Show Cause (Doc. 38), which gave Plaintiff ten days to file a notice of change of address and, more importantly, to show good cause for filing the instant action under an improper name. Prior to that order, Plaintiff filed a notice of change of address (Doc. 41), and the Court furnished Plaintiff with copies of both the Order to Show Cause and the Report and Recommendation. Plaintiff has now filed a timely objection (Docs. 46 and 47) to the Report.[1] Pursuant to 28 U.S.C. § 636(b)(1), the Court has completed a *de novo* review of those portions of the Report to

---

[1] Docs. 46 and 47 are duplicate filings.

which Plaintiff objects. For the reasons stated below, the Court will adopt the Report in part, dismiss Plaintiff's complaint as malicious, and sanction Plaintiff under Rule 11 of the Federal Rules of Civil Procedure.

Plaintiff, whose legal name is Douglas M. Jackson, has brought this action under the alias of Douglas Marshall in an apparent attempt to avoid dismissal under 18 U.S.C. § 1915(g). Because a previous case brought by Plaintiff using the same alias was dismissed under § 1915(g), the Magistrate was aware that Plaintiff had three strikes. However, the Magistrate did not initially realize that Plaintiff brought this claim under an improper name. It was not until the Magistrate's scheduling order was returned "undeliverable" that the Magistrate located Plaintiff in the Florida Department of Corrections and discovered Plaintiff's legal name. As the Magistrate notes in the Report, Plaintiff signs all documents "Douglas Marshall" but has also listed his name in Court documents as "Douglas - Marshall of the Jackson family."

In his objection, Plaintiff continues to assert that he is "Douglas - Marshall," or "Douglas - Marshall of the Jackson family," and characterizes Douglas M. Jackson as "artificial," "fictitious," "dead," and a utility company, among other things. He also claims both that he is a diplomat and a sovereign entity unto himself, "exempt" from all laws of the United States and outside the jurisdiction of the Court -- all while claiming a right to proceed with his complaint. The remainder of his objection is equally frivolous. Plaintiff offers no other justification for his actions and does not dispute that his complaint is subject to dismissal under § 1915(g) absent a legitimate allegation that he is under imminent danger of serious physical injury.

Apart from Plaintiff's patently frivolous allegations that he is a diplomat who has been kidnapped, "false[ly] imprisoned as merchandise # 823916," and "warehoused at the commercial warehouse of Martin Correctional Institution," Doc. 1 at 4, Plaintiff alleges in his original

complaint that he received an anonymous death threat and requested protective custody. Although it was initially recommended that he be transferred, Plaintiff alleges that the defendants vetoed that recommendation and gave false reasons for their decisions. Id. at 6. Before discovering Plaintiff's use of an improper name, the Magistrate granted Plaintiff's motion to proceed *in forma pauperis* to the extent Plaintiff could proceed without prepayment of the filing fee. The Magistrate reasoned that "[i]t is a close call, but a decision that should err on the side of caution." Doc. 5 at 3. The Court agrees that, given the allegations in the complaint, it was proper for the Magistrate to grant Plaintiff's motion to proceed *in forma pauperis*.

However, Plaintiff's complaint is now subject to dismissal as malicious under § 1915(e)(2). In addition to Plaintiff's allegations and use of an improper name, Plaintiff has brought previous actions that, cumulatively, indicate an abuse of the *in forma pauperis* procedure. For instance, Plaintiff has previously stuffed a complaint with frivolous allegations of imminent danger of serious physical injury in an attempt to avoid dismissal, and he has on more than one occasion used the alias of Douglas Marshall to avoid dismissal. See, e.g., Case Nos. 4:09-cv-00078-RH-AK and 2:08-cv-14211-DLG. Given these abuses, and given the fact that Plaintiff has already obtained the desired injunctive relief in this case -- a transfer from the institution where he alleged he was in danger -- the Court finds that Plaintiff's complaint should be dismissed as malicious. Such dismissal does not relieve Plaintiff of his duty to pay the filing fee in this case. See Doc. 4.

In another recent case against the Florida Department of Corrections brought by Plaintiff under the same name and involving similar allegations, the Court dismissed Plaintiff's complaint under § 1915(g) but declined to impose sanctions against Plaintiff, because "imposing them would be more trouble than simply dismissing this case." Case No. 4:09-cv-00078-RH-AK,

Doc. 11. Were the Court required to hold an evidentiary hearing before imposing sanctions against Plaintiff, the Court would agree that the best course of action is simply to dismiss the action without prejudice, conserving judicial resources. Here, however, Plaintiff's conduct -- filing a complaint under an improper name -- is sanctionable on its face, regardless of Plaintiff's intent, and Plaintiff has been given an opportunity to respond in writing to the Magistrate's recommendation that he be sanctioned. Were Plaintiff to have offered some plausible defense for his conduct, perhaps a hearing would be required to allow Plaintiff to present evidence in support of his defense. In this case, however, Plaintiff has not responded seriously to the Court's order, and a hearing would serve no useful purpose. When a party's conduct is sanctionable on its face and the party has been given an opportunity to respond to a recommendation for sanctions in writing, the Court can conceive of no harm to the party's due process rights caused by imposing a small monetary sanction. See Donaldson v. Clark, 819 F.2d 1551, 1561 (11th Cir. 1987); see also In re Kunstler, 914 F.2d 505, 521 (4th Cir. 1990); Rodgers v. Lincoln Towing Service, Inc., 771 F.2d 194, 206 (7th Cir. 1985). Therefore, the Court finds that a monetary sanction of $100 is appropriate under these circumstances.

The Court also agrees with the Magistrate that Plaintiff should be barred from submitting any further filings; however, the Court disagrees that such a bar should be imposed without regard to whether Plaintiff claims an imminent danger of serious physical injury. Although Plaintiff has demonstrated a willingness to "cry wolf," the Court cannot completely bar access to an indigent defendant who may, in the future, be in actual danger. The Court will require, however, that any such claim be pled with sufficient specificity for the Court to determine whether it is legitimate. Plaintiff is cautioned, as he has been before, that he will be liable for further sanctions, including a recommendation that the superintendent at Plaintiff's institution

forfeit gain time as authorized by Fla. Stat. 944.28(2)(a), if he continues to file frivolous lawsuits under a false name. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge (Doc. 40) is ADOPTED in part and incorporated herein.

2. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice. The Clerk is directed to note that this action was dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

3. In accordance with the Magistrate's order at Doc. 4, Plaintiff must continue to make monthly payments toward the $350 filing fee in this case until it is paid in full.

4. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Plaintiff must pay a monetary sanction of $100. Until Plaintiff has paid his total debt of $450 in this case, the Clerk is directed to not accept any further filings from Plaintiff, with the following exceptions: (1) Plaintiff may file papers if ordered to do so by the Court; (2) Plaintiff may file responsive pleadings in any case in which he is a defendant; and (3) Plaintiff may file any paper in support of a claim for relief from an imminent danger of serious physical injury. **For so long as Plaintiff is incarcerated, any complaint filed by Plaintiff must be filed under Plaintiff's legal name and must include the following statement on the front page: "Pursuant to 28 U.S.C. § 1915(g), this plaintiff is barred from bringing a claim without prepayment of the filing fee absent imminent danger of serious physical injury. See Case No. 4:08-cv-417-MP-WCS."**

**DONE AND ORDERED** this _29th_ day of July, 2009

                       *s/Maurice M. Paul*
                  Maurice M. Paul, Senior District Judge